IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MR. DAVID B. CASSELL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, et al. | : | NO. 16-5141 |

MEMORANDUM

**KEARNEY, J.**                                                                             October 3, 2016

    David B. Cassell again sues the Commonwealth, City of Philadelphia, and the "Police Department," seeking millions of dollars in damages apparently under 42 U.S.C. § 1983.[1] He also seeks leave to proceed *in forma pauperis*. In the accompanying Order, we grant Plaintiff leave to proceed *in forma pauperis* but dismiss his complaint.

    **I.**    **Facts**[2]

    Mr. Cassell has now filed untimely three civil rights actions based on his interactions with Philadelphia police. In November 2008, Mr. Cassell sued the City of Philadelphia and others based in part on his interactions with police between July 15, 2003 and January 1, 2006. Judge Dalzell dismissed those claims under Pennsylvania's two-year statute of limitations.[3] Our Court of Appeals affirmed Judge Dalzell's conclusion.[4]

    On August 18, 2016, Mr. Cassell sued the Commonwealth of Pennsylvania, the City of Philadelphia, the "Police Department," the "12th district" and the "5th district" based on vague, generalized allegations of being beaten, jailed, and handcuffed at times between July 15, 2003 and 2015.[5] After granting Plaintiff leave to proceed *in forma pauperis*, we dismissed his complaint under 28 U.S.C. § 1915(e) without prejudice to file an amended complaint raising claims not barred by the statute of limitations.[6] Mr. Cassell filed an amended complaint, which

we dismissed because it raised claims occurring in 2008 or 2002, and because it failed to plead a factual basis for Mr. Cassell's claims against each defendant. We gave Mr. Cassell another opportunity to amend.[7]

Mr. Cassell filed a second amended complaint, which we then dismissed because it failed to address the dates on which the events in question occurred and "instead attache[d] references to police conduct on July 7, 2004 and earlier."[8] We provided Mr. Cassell with an opportunity to file a third amended complaint. Mr. Cassell responded with two letters concerning the events giving rise to his claims. In response, we issued an Order dismissing his claims because they appeared to be based on a July 15, 2003 incident.[9] Mr. Cassell moved for reconsideration, which we denied. The same day, Mr. Cassell filed this case. Two days later, he appealed our dismissal of his second case, which is currently pending before our Court of Appeals.

This case duplicates the civil action Mr. Cassell just appealed. Mr. Cassell alleges from 2003 through 2015, police officers "beat [him] up," handcuffed him, and jailed him. He attached a letter to his complaint—which he also attached to the complaint in civil action number 16-4534—asserting his "rights as a human person have been violated several times by private individuals whose criminal activities have been supported by the City Police," and he has been "illegally arrested, beaten and imprisoned without the due process of law." Mr. Cassell attached a second document to his complaint stating on January 1, 2006, police arrested him while he was leaving his mother's house, beat him, and injected him with "bad drugs" that "affected [his] mental capacity [from] that time until now."[10] We understand Mr. Cassell to be raising civil rights claims under 42 U.S.C. § 1983, and seeking millions of dollars in damages.

**II.     We grant leave to proceed *in forma pauperis* but dismiss the Complaint.**

We grant Mr. Cassell's motion to proceed *in forma pauperis* as it appears he is incapable of paying fees to start his third action.

Under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) we dismiss the complaint if it is malicious or fails to state a claim. "A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant."[11] "We may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims."[12]

To survive dismissal for failure to state a claim, Mr. Cassell must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[13] "[M]ere conclusory statements[] do not suffice."[14] We may also consider exhibits attached to the complaint.[15] As Mr. Cassell proceeds *pro se*, we construe his allegations liberally.[16]

We dismiss Mr. Cassell's complaint because he repeats his two earlier dismissed complaints and is in essence identical to the civil action we recently dismissed and he appealed.[17] If Mr. Cassell is dissatisfied with our rulings, he is entitled to appeal, which he did. He may not, however, initiate a new action to circumvent those rulings.[18]

Mr. Cassell's complaint fails for the same reasons his prior complaints failed. Most of his claims are barred by Defendant's two-year statute of limitations.[19] To the extent he asserts timely claims, he has pled only vague and conclusory allegations without a factual basis for a plausible claim against a defendant. Further, the Commonwealth is entitled to Eleventh Amendment immunity and is not a "person" for purposes of § 1983.[20] The "Police Department"

is also not able to be separately sued because it does not have a separate existence from the City of Philadelphia.[21] Finally, Mr. Cassell has not stated a claim against the City of Philadelphia because he fails to clearly identify a municipal policy or custom leading to the violation of his rights.[22]

### III. Conclusion

In the accompanying Order, we grant Mr. Cassell's motion for leave to proceed *in forma pauperis* but dismiss his repetitive complaint. Mr. Cassell will not be given leave to amend because amendment would be futile, especially in light of his unsuccessful attempts to amend the complaint he filed in civil action number 16-4534 as presently on appeal.

---

[1] On the second page of his complaint, Mr. Cassell included "L.I. inspection" as a defendant, even though he did not identify "L.I. inspection" in the caption of the complaint under Federal Rule of Civil Procedure 10(a). In any event, the complaint does not raise any allegations against this unknown entity.

[2] The facts are taken from the complaint and public records of court proceedings Mr. Cassell previously filed in this Court.

[3] *Cassell v. City of Phila.*, E.D. Pa. No. 08-5460 (ECF No. 16).

[4] *Cassell v. City of Philadelphia*, 350 F. App'x 611, 613 (3d Cir. 2009) (per curiam).

[5] *Cassell v. Commonwealth*, No. 16-4534 (E.D. Pa.).

[6] *Id.* (ECF Doc. Nos. 3 & 6).

[7] *Id.* (ECF No. 8).

[8] *Id.* (ECF No. 13).

[9] *Id.* (ECF No. 16).

[10] Mr. Cassell sought damages from the 12th police district and the 5th police district. He also seeks damages from the Lutheran Church and Mercy Hospital, although those entities are not named as defendants and it is unclear how they may have wronged Mr. Cassell.

[11] *Deutsch v. United States*, 67 F. 3d 1080, 1086 (3d Cir. 1995).

[12] *Brodzki v. CBS Sports*, No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[14] *Id.*

[15] *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[16] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[17] *See Fiorani v. Hewlett Packard Corp.*, 547 F. App'x 103, 105 (3d Cir. 2013) (per curiam) ("Repetitive litigation undoubtedly is some evidence of a litigant's motivation to vex or harass a defendant . . . ."); *Morris v. United States Dep't of Health & Human Servs.*, No. 13-950, 2013 WL 3938993, at *3 (D. Del. July 26, 2013) ("Plaintiff's filing of repetitive claims or claims arising out of a common nucleus of operative facts falls squarely within the category of malicious litigation.").

[18] *See Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977) (en banc) ("[T]he court must insure that the Plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints."); *Sendi v. NCR Comten, Inc.*, 624 F. Supp. 1205, 1207 (E.D. Pa. 1986) ("[T]he fact that Plaintiff was denied leave to amend does not give him the right to file a second lawsuit based on the same facts.").

[19] *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007).

[20] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).

[21] *See Regalbuto v. City of Philadelphia*, 937 F. Supp. 374, 377 (E.D. Pa. 1995) (citing 53 Pa. Cons. Stat. Ann. § 16257), *aff'd*, 91 F.3d 125 (3d Cir. 1996).

[22] *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978) (local governments are not liable under § 1983 "for an injury inflicted solely by [their] employees or agents," but are liable if a municipal custom or policy caused the plaintiff's injury); *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) ("To satisfy the pleading standard, [a plaintiff] must identify a custom or policy, and specify what exactly that custom or policy was.").